# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM STANSBURY, | CASE NO. 1:09-cv-00549-SMS PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 12) |
| UNITED STATES GOVERNMENT, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Kareem Stansbury, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on March 24, 2009, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. On December 7, 2009, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.      Plaintiff's Claims**

    **A.      Factual Allegations**

Plaintiff is currently incarcerated at the Federal Correctional Institution in Adelanto, California. The events at issue in this action occurred at the United States Penitentiary in Atwater, California. Plaintiff names the United States Government; Correctional Officers P. Lehman, D. Horstmeier, J. Pino, and D. Kolwaskie; and Lieutenant T. Miller as defendants. Plaintiff alleges claims for excessive force and denial of medical care, in violation of the Eighth Amendment, and retaliation, in violation of the First Amendment.

On July 15, 2008, Defendant Lehman repeatedly pulled Plaintiff's right arm through the cell food port and dug down on it with a sharp cutting device, nipping Plaintiff's left arm and causing serious injuries to Plaintiff's right shoulder. Defendants Lehman, Pino, Horstmeier, Kolwaskie then denied Plaintiff medical treatment.

///

On July 16, 2008, Defendant Miller ordered Defendant Pino to file a false incident report against Plaintiff, in retaliation for the grievance Plaintiff filed. On August 6, 2008, Defendant Miller threatened to kill Plaintiff for pursuing a grievance against him based on the false incident report.

### B. Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted).

For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted). In determining whether the use of force was wanton and unnecessary, factors subject to evaluation are the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

Plaintiff has adequately alleged a use of force leading to injuries, but his amended complaint is devoid of any other factual allegations. As a result, the Court cannot determine whether or not the force used was excessive under the circumstances. Plaintiff's claim shall be dismissed, with leave to amend. Plaintiff is not required to allege extensive facts, but he must set forth sufficient facts supporting the claim that Defendant Lehman acted maliciously and sadistically to cause harm rather than to restore order. Iqbal, 129 S.Ct. at 1949-50.

### C. Denial of Medical Treatment

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in

doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's bare allegation that Defendants denied him medical treatment is insufficient to support an Eighth Amendment claim.  There is no indication that Defendants knowingly disregarded an excessive risk of harm to Plaintiff's health, Farmer v. Brennan, 511 U.S. at 834, or that he suffered further harm as a result of a delay in treatment, McGuckin, 974 F.2d at 1060.

**D.     Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a [governmental] actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)) (quotation marks omitted); also Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a constitutional claim. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

As with Plaintiff's other claims, his allegations are very conclusory.  Plaintiff alleges no facts supporting a claim that Defendants retaliated against him *because of* his inmate appeals or that their actions did not advance any legitimate correctional goals.  The mere possibility of misconduct is not enough to support a claim. Iqbal, 129 S.Ct. at 1949-50.

Indisputably, an incident occurred between Plaintiff and Defendant Lehman.  Absent factual allegations to the contrary, the Court cannot conclude that the documentation of that incident in a report serves no legitimate correctional goals and instead constitutes a purely adverse, retaliatory

action against Plaintiff. Further, Plaintiff must allege some facts supporting a link between the filing of the grievances and the retaliatory acts.

### E. United States as a Party

Federal officers may be held liable for damages for the violation of an inmate's constitutional rights. Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 66, 122 S.Ct. 515 (2001) (citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971)). However, Bivens claims are only available against officers in their individual capacities. Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). Plaintiff may not pursue a Bivens claim against the United States, and it shall be dismissed from this action. FDIC v. Meyer, 510 U.S. 471, 486 (1994); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995).

## III. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The United States is dismissed from this action, with prejudice;
2. Plaintiff's amended complaint, filed December 7, 2009, is dismissed for failure to state a claim upon which relief may be granted;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
5. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   February 8, 2011**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE