# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM STANSBURY, | CASE NO. 1:09-cv-00549-SMS PC |
| Plaintiff, | SCREENING ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS FROM ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| UNITED STATES GOVERNMENT, et al., | (Doc. 14) |
| Defendants. | |

## Screening Order

**I.    Screening Requirement**

Plaintiff Kareem Stansbury, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on March 24, 2009, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. On December 7, 2009, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a). The Court dismissed Plaintiff's amended complaint for failure to state a claim on February 8, 2011, and Plaintiff filed a second amended complaint on February 28, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Plaintiff's Claims**

    **A.     Factual Allegations**

Plaintiff is currently incarcerated at the Federal Correctional Institution-Victorville in Adelanto, California. The events at issue in this action occurred at the United States Penitentiary in Atwater, California in 2008. Plaintiff names Correctional Officers P. Lehman, D. Horstmeier, J. Pino, and D. Kolwaskie; and Lieutenant T. Miller as defendants. Plaintiff alleges claims for excessive force, denial of medical care, and inhumane conditions of confinement in violation of the Eighth Amendment; and retaliation, in violation of the First Amendment.

On July 15, 2008, Defendant Lehman repeatedly pulled Plaintiff's right arm through the cell food port and dug down on it with a sharp cutting device, nipping Plaintiff's left arm and causing

///

serious injuries to Plaintiff's right shoulder. Defendants Lehman, Pino, Horstmeier, and Kolwaskie then denied Plaintiff medical treatment.

On July 16, 2008, after Plaintiff complained about the use of force and denial of medical treatment, Defendants Miller and Pino filed a false incident report against Plaintiff. On August 8, 2008, after Plaintiff filed a grievance against Defendants Miller and Pino for issuing the incident report, Defendant Miller entered Plaintiff's cell and threatened to kill him if he did not stop filing grievances.

### B. Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted).

For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted). In determining whether the use of force was wanton and unnecessary, factors subject to evaluation are the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

Plaintiff adequately alleges a use of physical force against him, and he alleges that there was no need to use force and it was intentionally employed to hurt him. These allegations are sufficient to state an Eighth Amendment claim against Defendant Lehman.

### C. Denial of Medical Treatment

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's bare allegation that Defendants were aware of his injuries and denied him medical treatment is insufficient to support a claim. There are no facts supporting a claim that Defendants knowingly disregarded an excessive risk of harm to Plaintiff's health, Farmer, 511 U.S. at 834, or that he suffered further harm as a result of a delay in treatment, McGuckin, 974 F.2d at 1060. The claim is not cognizable and it shall be dismissed, with prejudice.

**D.     Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a [governmental] actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a constitutional claim. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff's bare allegation that a false incident report was issued against him because he complained against staff for using excessive force and failing to provide him with medical treatment is insufficient to support a retaliation claim. As the Court previously explained, an incident indisputably occurred between Plaintiff and correctional staff, and Plaintiff reported the misconduct. The issuance of an incident report in response to an inmate complaint of staff misconduct is

4

appropriate and to be expected. Although Plaintiff describes the report as false, that conclusory allegation is insufficient to transform an ordinary, predictable staff response to a complaint into a constitutional claim.

Plaintiff proffers no explanation why the report is false or what about parts of the report are false, Plaintiff fails to indicate why the issuance of the report constituted an adverse action, and Plaintiff alleges no facts supporting his conclusory claim of a retaliatory motive. Although Plaintiff attempts to salvage his claim by alleging that the incident report was issued to cover up the incident, it would be illogical to conclude that an incident report would *not* be issued following a complaint of force by an officer and the denial of medical treatment by staff. While Plaintiff's allegations must be construed liberally, the Court is not required to disregard the obvious or fill in gaping holes in the claim in an effort to patch it together for Plaintiff. Doe I, 572 F.3d at 681. Plaintiff's retaliation claim does not suggest more than a mere possibility of misconduct and it shall be dismissed. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

However, Plaintiff does have a cognizable retaliation claim against Defendant Miller arising out of his allegation that after he filed a grievance against Defendants Miller and Pino for issuing the incident report, Defendant Miller entered his cell and threatened his life if he did not stop filing grievances.

### E.    Threat

In addition to his retaliation claim, Plaintiff alleges that the threat against his life by Defendant Miller violated his Eighth Amendment rights. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of

///

serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Threats of bodily harm do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). While the threat is sufficiently adverse to support the existence of a First Amendment retaliation claim, it does not constitute a condition so grave that it violated the Eighth Amendment and it shall be dismissed. E.g., Farmer, 511 U.S. at 847; Thomas, 611 F.3d at 1151-52; Richardson, 594 F.3d at 672; Gaut, 810 F.2d at 925.

### F. Injunctive Relief

In addition to damages, Plaintiff seeks an injunction, although the terms of the injunction are not specified. The events giving rise to Plaintiff's claims occurred in 2008 at a different institution than that which currently houses Plaintiff. Because no injunction could remedy Plaintiff's legal claims under the circumstances of this case, Plaintiff is limited to seeking damages for the violation of his rights. 18 U.S.C. § 3626(a)(1)(A); Monsanto Co. v. Geerston Seed Farms, __ U.S. __, __, 130 S.Ct. 2743, 2756 (2010); Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

## III. Conclusion and Order

Plaintiff's second amended complaint states a cognizable claim against Defendant Lehman for excessive force in violation of the Eighth Amendment, and a cognizable claim against Defendant Miller for threatening Plaintiff in violation of the First Amendment. However, Plaintiff's medical care claim, retaliation claim based on the issuance of the incident report, and Eighth Amendment claim based on the threat against him are not cognizable. In addition, Plaintiff's claim for injunctive relief is not viable. Plaintiff was previously given leave to amend to cure the deficiencies that were capable of being remedied, and he was unable to do so. Further leave to amend is not warranted, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and it is HEREBY ORDERED that:

   1. This action shall proceed as one for damages against Defendant Lehman for use of excessive force in violation of the Eighth Amendment; and against Defendant Miller

///

    for retaliation in violation of the First Amendment, arising out of the incident in which Miller entered Plaintiff's cell and threatened him;

2. Plaintiff's Eighth Amendment medical care claim against Defendants Lehman, Hortmeier, Kolwaskie, and Pino is dismissed, with prejudice, for failure to state a claim;

3. Plaintiff's First Amendment retaliation claim against Defendants Miller and Pino arising out of the issuance of the incident report is dismissed, with prejudice, for failure to state a claim;

4. Plaintiff's Eighth Amendment claim against Defendant Miller for threatening his life is dismissed, with prejudice, for failure to state a claim;

5. Plaintiff's claim for injunctive relief is dismissed for failure to state a claim; and

6. Defendants Hortmeier, Kolwaskie, and Pino are dismissed from this action.

IT IS SO ORDERED.

**Dated:   March 3, 2011**                              /s/ Sandra M. Snyder
                      UNITED STATES MAGISTRATE JUDGE