# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM STANSBURY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv-00549-SKO PC<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST AND REQUIRING DEFENDANTS TO FILE RESPONSE TO SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 34) |

**Order Denying Motion to Dismiss**

**I.    Introduction**

Plaintiff Kareem Stansbury, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on March 24, 2009, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on Plaintiff's second amended complaint, filed on February 28, 2011, against Defendant Lehman for excessive force in violation of the Eighth Amendment, and against Defendant Miller for retaliation in violation of the First Amendment. Plaintiff's claims arise from events which occurred in 2008 while he was incarcerated at United States Penitentiary-Atwater (USP-Atwater) in Atwater, California.

On September 1, 2011, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff filed an

opposition on October 3, 2011, and Defendants filed a reply on November 17, 2011.[1]  Local Rule 230(l).

## II.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact.  Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

## III.   Defendants' Motion

### A.   The BOP's Administrative Remedy Process

As set forth by Defendants in their motion, the Federal Bureau of Prisons (BOP) provides a grievance procedure, known as the Administrative Remedy Program, which allows inmates to seek formal review of any issue relating to their confinement at BOP-run institutions.  28 C.F.R. § 542.10

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on April 21, 2011.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 23-1.)

2

(2012). The first step in the process requires the inmate to present the grievance issue to staff for informal resolution, a step which may be waived by the Warden or the institution's Administrative Remedy Coordinator. 28 C.F.R. § 542.13.

The next step is the submission of a formal written administrative remedy request (request) on a BP-9 form to the institutional-level staff person designated to receive requests. 28 C.F.R. § 542.14. An exception exists at this step for sensitive issues, and an inmate who reasonably believes his issue is sensitive and his safety or well-being would be placed in danger if the request became known at the institution may submit the request directly to the Regional Director. 28 C.F.R. § 542.14(d)(1) (quotation marks omitted). If the request is not accepted, the inmate is to be notified in writing without return of the request. Id. (quotation marks omitted).

If an inmate is not satisfied with the Warden's response to his request at the first formal level of review, the inmate may submit the request to the Regional Director on a BP-10 form within twenty days of the Warden's response. 28 C.F.R. § 542.15. If not satisfied with the Regional Director's response, the inmate may appeal to the final level of review by submitting a BP-11 form appeal to the General Counsel within thirty days of the Regional Director's response. Id.

Defendants argue that Plaintiff failed to exhaust because he did not complete the process following his receipt of the Warden's response to his request at the first formal level of review. (Doc. 34, Motion, Burks Dec., ¶5.) Defendants contend that Plaintiff attempted to appeal to the Regional Director on October 23, 2008, but his request was rejected because he failed to include a copy of the BP-9 form and the Warden's response, as required. (Id.) Defendants contend that Plaintiff did not cure the deficiencies and refile his appeal for a second-level review, and he did not seek review at the third and final level by filing an appeal with the General Counsel. (Id.) Further, Plaintiff did not file any other appeals grieving Defendants' conduct. (Id., ¶6.)

**B.    Steps Taken by Plaintiff to Exhaust**

Plaintiff attests that he mailed a "sensitive BP-9" form to the Western Regional Director on July 16, 2008, complaining about Defendant Lehman's conduct, and that he mailed another "sensitive BP-9" form on or around August 10, 2008, complaining about Defendant Miller's conduct. (Doc. 37, Opp., court record p. 3, Stansbury Dec.) Plaintiff attests that he did not receive

3

a response to either sensitive BP-9 form. (Id.) Plaintiff then filed a BP-9 request on August 29, 2008, at the institution, complaining about Defendants Lehman and Miller's actions.[2] (Doc. 34, Motion, Ex. 1 & Burks Dec., ¶5.)

The Warden of USP-Atwater responded to the request/appeal on September 8, 2008, stating that Plaintiff's allegation had been referred to the appropriate Department of Justice component for further investigation. (Id.) Plaintiff was notified that inmates have no entitlement to be informed of the outcome of the investigation, or if applicable, the administrative action taken against staff, and Plaintiff has not been informed of the result. (Motion, Ex. 1 (quotation marks omitted); Stansbury Dec.) Plaintiff was also notified that if he was dissatisfied with the findings, he could submit a Regional Appeal via Form BP-230(13) to the Regional Director. (Motion, Ex. 1 (quotation marks omitted).)

### C. Discussion

#### 1. Sensitive Issue Requests

Exhaustion is mandatory and unexhausted claims must be dismissed. Jones, 549 U.S. at 211. Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and other critical procedural rules, Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378 (2006), and the exhaustion requirement may not be satisfied by filing an untimely or otherwise procedurally defective appeal, Woodford, 548 U.S. at 83-84 (quotations omitted). However, prisoners are not required to conceive of ways to work around the failure of prison officials to respond to properly submitted appeals, and in this Circuit, the failure to exhaust may be excused where the administrative remedies are rendered effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005). The regulations governing administrative remedy processes apply with equal force to inmates and prison officials, and thus, if an inmate complies with the procedural rules, but

///

---

[2] No dispute is raised over the sufficiency of the appeal. Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010). The Court notes, however, that while the attachments are legible, the first page of the appeal provided by Defendants is not.

4

prison officials fail to respond in compliance with the rules or otherwise thwart the process, it becomes unavailable. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

Although Defendants argue in their reply that Plaintiff only vaguely claims he completed the process and he provides no copies, Plaintiff attests under penalty of perjury that on two specific dates, he mailed "sensitive BP-9" forms to the Regional Director but received no response. This is a procedure authorized by the regulations and it requires notification to the inmate if the request for relief is rejected as a sensitive issue. 28 C.F.R. § 542.14(d)(1).

The Court may not assess the credibility of witnesses on a motion to dismiss submitted upon the record, and therefore, Plaintiff's attestation that he properly complied with the available procedure for sensitive issues but received no notice of rejection must be accepted. E.g., Ortega v. Giamalvo, No. C-07-04436 EDL, 2011 WL 2445315, at *5 (N.D.Cal. Jun. 16, 2011); Jones v. Felker, No. CIV S-08-0096 KJM EFB PC, 2011 WL 533755, at *2 (E.D.Cal. Feb. 1, 2011), findings and recommendations adopted in full, 2011 WL 1299454 (E.D.Cal. Mar. 29, 2011); Sanchez v. Stancliff, No. 1:07-cv-00128-LJO-SMS PC, 2009 WL 2498257, at *4 (E.D.Cal. Aug. 14, 2009), findings and recommendations adopted in full, (E.D.Cal. Sept. 14, 2009); Roberts v. Salano, No. 1:08-00162-LJO-GSA PC, 2009 WL 1514440, at *2 (E.D.Cal. May 27, 2009), findings and recommendations adopted in full, 2009 WL 2136890 (E.D.Cal. Jul. 16, 2009). While Defendants are correct that Plaintiff submitted no documentary evidence that his sensitive issue requests were received and either accepted or rejected by the Regional Director, that absence of evidence may or may not mean that Plaintiff never submitted the requests. See Spence v. Director of Corr., No. CIV S-05-0690 GEB KFM PC, 2007 WL 61006, at *3 (E.D.Cal. Jan. 8, 2007) (if prison officials are interfering with inmates' ability to properly file grievances, then there will be no official record of the grievances having been accepted) (quotation marks omitted), findings and recommendations adopted in full, 2007 WL 738528 (E.D.Cal. Mar. 6, 2007). A credibility determination cannot be made by the Court at this juncture and it must accept Plaintiff's evidence that he properly complied with the sensitive issues process but received no response. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224. In such a situation, Defendants bear the burden of demonstrating further available administrative remedies of which Plaintiff was required to avail himself. Brown, 422 F.3d at 940.

5

### 2. Warden's Referral of Allegations to Department of Justice

The lack of response to his two sensitive issue requests notwithstanding, Plaintiff did take further action by submitting a request to the Warden, which was received and reviewed. The Warden referred the matter to the Department of Justice for investigation. At that point, Plaintiff had no further entitlement to notice of the outcome of the investigation and he attests that he has not received any further information.

While Plaintiff could have, if dissatisfied, continued the pursuit of his request to the Regional Director, he was not required to do so. If an inmate is satisfied with the relief granted or partially granted at any level of review, he has no obligation to pursue the appeal to the next higher level of review. Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010). Plaintiff's allegation of misconduct by Defendants was referred out for investigation by the DOJ, and that form of relief granted by the Warden cannot reasonably be cast as a denial requiring further action by Plaintiff. Harvey, 605 F.3d 685. Therefore, Defendants are not entitled to dismissal for failure to exhaust.

**IV. Order**

For the reasons set forth above, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss for failure to exhaust, filed on September 1, 2011, is denied; and
2. Defendants shall file a response to Plaintiff's second amended complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:** April 13, 2012 /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE

6